[Civ. No. 882.   Fourth Appellate District.—November 7, 1931.]

NEILSON MASTEN, etc., Appellant, v. FOX WEST COAST THEATRES (a Corporation) et al., Respondents.

Edward J. Kelley for Appellant.

Alfred Wright, Albert W. Leeds and John B. Bertero for Respondents.

THE COURT.—█   An order having been issued in the above-entitled cause requiring the respondents herein to appear and show cause why their petition for rehearing should not be stricken from the files and the order denying said petition set aside, and cause having been duly shown in response thereto, and the matter submitted to the court, it is hereby ordered that the said order to show cause be discharged and the proceeding dismissed.

MARKS, J., Dissenting.—I dissent.   I cannot agree with my associates in their conclusions which resulted in dismissal of the order to show cause in this case.

The decision of this court was filed on October 1, 1931. A petition for rehearing was filed on October 21, 1931, and was denied on October 23, 1931.   Subsequently, and before the expiration of thirty days from the filing of the decision, it was called to our attention that no service of the petition for rehearing had been made upon the attorney for appel-

lant. This court thereupon issued an order to show cause requiring respondents to show cause why the petition for rehearing should not be stricken from the records of this court, and why the order denying a rehearing should not be vacated.

The order was made returnable on November 4, 1931, at which time it was stipulated that counsel for respondents, petitioners for the rehearing, had delegated the service of the petition to the printers who had printed it; that service was made upon Edward J. Kelley, an attorney at law with offices in the city of Los Angeles, instead of upon Edward J. Kelley, an attorney at law with offices in the city of San Diego, who was the only Edward J. Kelley, attorney of record in this case, and that no service of the petition was made upon Edward J. Kelley of San Diego. It was further stipulated that the mistake made in service of the petition for rehearing was the mistake of the printer. He was acting as the agent for the attorneys of the respondents who are petitioning for a rehearing. Neither the respondents nor their attorneys had any actual or any other knowledge of this mistake in service except that imputed to them by the agency of the clerk of the printer making it until after the service on the wrong attorney and the filing of the petition here.

Section 1 of rule XXX of the Rules of the Supreme Court and of the District Courts of Appeal of the state of California provides in part as follows: "Application for a rehearing of any cause decided by the Supreme Court in bank or for a hearing in bank after a decision in department, and application for a rehearing of any cause, except a criminal cause, decided by a District Court of Appeal must be served on the adverse party and filed with proof of service within twenty days after the judgment is pronounced." Section 6 of the same rule provides in part as follows: "Petitions for hearing in the Supreme Court after decisions by the District Courts of Appeal will be considered only in cases wherein a petition for a rehearing in the District Court of Appeal has been filed and denied."

Under the authority of the foregoing rule it is my conclusion that no service was had of the petition for rehearing as required therein. Therefore the petition should be stricken from the records of this court.